UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL JOSUE SOSA ESPINOZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY<br>DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1: 26-CV-03018 KES HBK (HC)<br><br>A No. 244-733-077<br><br>ORDER GRANTING PETITION FOR WRIT<br>OF HABEAS CORPUS AND REQUIRING<br>BOND HEARING WITHIN 10 DAYS<br><br>Doc. 1 |

Petitioner Samuel Josue Sosa Espinoza is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by count two of the petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5. Respondents state that, after petitioner was paroled into the United States, an "encounter with law enforcement on November 30, 2025, [] led to his re-detention." Doc. 7 at 1. Petitioner "was eventually convicted

1

of petit theft on January 9, 2026." *Id.*  Respondents maintain that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b); they do not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c).  *See id.* at 1-3.  While respondents oppose the petition, they do not raise any new legal arguments.  *Id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to count two, for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to provide petitioner Samuel Josue Sosa Espinoza (A-Number: 244-733-077) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

Respondents are ORDERED to provide petitioner with a copy of this Order.

The Clerk of Court is directed to terminate the pending motion for a temporary restraining order (Doc. 2) as moot, close this case, and enter judgment for petitioner.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 14, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on count two.